UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOLDEN WEST VEG, INC., <br><br> Plaintiff, <br><br> v. <br><br> JAMES M. BARTLEY, et al., <br><br> Defendants. | Case No. 16-CV-03718-LHK <br><br> **ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE** <br><br> Re: Dkt. No. 33 |

Before the Court is Plaintiff Golden West Veg Inc.'s ("Golden West") motion for default judgment against Defendants James M. Bartley ("Bartley") and Greenfield Produce Sales ("Greenfield"). The Court finds that the instant motion is appropriate for resolution without oral argument and therefore VACATES the hearing set for February 2, 2017. The case management conference scheduled for February 2, 2017 is hereby CONTINUED to May 10, 2017 at 1:30 p.m. Having considered Plaintiff's motion, the relevant law, and the record in this case, the Court hereby DENIES Plaintiff's motion for default judgment without prejudice.

**I.   BACKGROUND**

**A.   Factual Background**

1

Case No. 16-CV-03718-LHK
ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

Plaintiff Golden West brings this action for violation of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq.*, and for breach of contract. Plaintiff is a California corporation engaged in the business of selling and shipping perishable agricultural commodities and has its principal place of business in Salinas, California. ECF No. 1 ("Compl."), ¶¶ 1–2, 15. Plaintiff alleges that at all times relevant to this action, Plaintiff operated under a valid PACA license number 20140205. *Id.* ¶ 15. Defendant Greenfield is a sole proprietorship of Defendant Bartley and has its principal place of business in Salinas, California. *Id.* ¶ 4. Plaintiff alleges that at all times relevant to this action, Bartley and Greenfield were "insiders" who were "in a position to control the PACA trust assets that are the subject of this lawsuit." *Id.* ¶ 6.

Plaintiff alleges that Defendants were "engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or retailer in wholesale and jobbing quantities." *Id.* ¶ 8. Therefore, Plaintiff alleges that Defendants are "subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture." *Id.* Plaintiff further alleges that Defendants operated under PACA license number 20061039. *Id.*

Plaintiff alleges that between January 4, 2016 and April 14, 2016, Plaintiff sold perishable agricultural commodities to Defendants. *Id.* ¶ 9. In exchange, Plaintiff alleges that Defendants agreed to pay Plaintiff $97,430.40. *Id.* Specifically, Plaintiff alleges that on or near the date of each transaction, Plaintiff forwarded to Defendants invoices for the transactions, and that these invoices "cumulatively total[ed] $97,430.40." *Id.* ¶ 10. However, Plaintiff did not attach copies of the invoices to the complaint. Plaintiff alleges that despite shipping the produce to Defendants, and despite repeated demands that Defendants pay the amount due, Defendants "have failed and refused" to pay the amount due. *Id.* ¶ 11.

Plaintiff therefore seeks damages in the amount of the overdue balance, as well as "reasonable attorney's fees and costs of suit" and "interest at the highest legal rate from the date the obligation became due." *Id.* at 8–9. In Plaintiff's amended motion for default judgment, Plaintiff states that "[s]ince the complaint was filed, Defendant has made partial payments in the

2

Case No. 16-CV-03718-LHK
ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

1  amount of $44,226.22." ECF No. 33 ("Am. Mot."), at 2. Therefore, the motion for default

2  judgment seeks an overdue balance of only $53,203.78. *Id.*

### B. Procedural History

Plaintiff filed this PACA action against Defendants on July 1, 2016. ECF No. 1. On August 24, 2016, Plaintiff filed a motion for entry of default by the Clerk. ECF No. 15. On September 27, 2016, the Clerk entered default against Greenfield, ECF No. 20, but declined to enter default against Bartley, ECF No. 20. The same day, September 27, 2016, the Court ordered that Plaintiff file any motion for default judgment against Greenfield by October 18, 2018. ECF No. 21. The Court also ordered that if Plaintiff filed a renewed motion for entry of default and the Clerk entered default against Bartley, Plaintiff was required to file a motion for default judgment against Bartley within 21 days after the entry of default. *Id.*

On October 12, 2016, Plaintiff filed a motion to continue the deadline to file a motion for default judgment. ECF No. 23. In the motion, Plaintiff stated that after the entry of default, Bartley had contacted Plaintiff and that the parties had discussed settlement. *Id.* at 2. Plaintiff therefore sought a continuance in order to facilitate settlement discussions. *Id.* On October 13, 2016, the Court granted Plaintiff's motion and continued the deadline to file a motion for default judgment until November 1, 2016. ECF No. 24.

Plaintiff then filed an amended motion for entry of default against Bartley on October 28, 2016. ECF No. 25. Soon afterward, on November 1, 2016, Plaintiff filed a motion for default judgment against Greenfield. ECF No. 25. On November 2, 2016, the Clerk entered default against Bartley. ECF No. 32. On November 7, 2016, Plaintiff filed the instant amended motion for default judgment against both Greenfield and Bartley. ECF No. 33.

In case management statements filed on November 8, 2016 and January 26, 2017, Plaintiff clarified that the parties had engaged in settlement discussions, and Plaintiff sent a proposed written settlement agreement to Defendants on October 20, 2016. ECF No. 37, ¶ 2; ECF No. 41, ¶ 3. However Defendants never responded to the proposed agreement. *Id.*; *Id.*

## II. LEGAL STANDARD

Pursuant to Rule 55(b)(2), a court may enter a default judgment when the Clerk of Court, under Rule 55(a), has previously entered the party's default. Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Once the clerk enters default, all well-pleaded allegations regarding liability are taken as true, except with respect to damages. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *Philip Morris USA v. Castworld Prods.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("[B]y defaulting, Defendant is deemed to have admitted the truth of Plaintiff's averments."). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris*, 219 F.R.D. at 498.

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## III. DISCUSSION

### A. Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties. A judgment entered without personal jurisdiction over the parties is void." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted). The Court thus begins by evaluating subject matter jurisdiction and personal jurisdiction.

#### 1. Subject Matter Jurisdiction

The Court finds that the exercise of subject matter jurisdiction over this case is proper.

4
Case No. 16-CV-03718-LHK
ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

"[A] federal court may exercise federal-question jurisdiction if a federal right or immunity is an element, and an essential one, of the plaintiff's cause of action." *Provincial Gov't of Marinduque v Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (citation omitted); *see also* 28 U.S.C. § 1331. Plaintiff asserts claims under PACA and California contract law. *See* Compl. ¶¶ 7–34. Because the PACA causes of action raise federal questions, the Court may properly exercise subject matter jurisdiction over the PACA causes of action. Because the state law contract claim arises out of the same factual allegations as the PACA causes of action, the Court exercises supplemental jurisdiction over that claim. *See* 28 U.S.C. § 1367(a).

### 2. Personal Jurisdiction

To determine the propriety of asserting personal jurisdiction over a defendant, the Court examines whether such jurisdiction is permitted by the applicable state's long-arm statute and comports with the demands of federal due process. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements, Ltd.*, 328 F.3d 1122, 1128–29 (9th Cir. 2003). California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, and therefore the jurisdictional analyses under state law and federal due process are the same. *See* Cal. Civ. Proc. Code § 410.10 ("[A] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). For a court to exercise personal jurisdiction over a defendant consistent with due process, that defendant must have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). In addition, "the defendant's 'conduct and connection with the forum State' must be such that the defendant 'should reasonably anticipate being haled into court there.'" *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

A court may exercise either general or specific jurisdiction over a defendant. *Ziegler v.*

*Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995). General jurisdiction exists where a defendant is physically present or where a defendant's activities in the state are "continuous and systematic" such that the contacts approximate physical presence in the forum state. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citation omitted). If general jurisdiction is inappropriate, a court may still exercise specific jurisdiction if the defendant's "contacts with the forum give rise to the cause of action before the court." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001).

Additionally, for the Court to exercise personal jurisdiction over a defendant, the defendant must have been served in accordance with Federal Rule of Civil Procedure 4. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with Rule 4(d) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction." (footnote omitted)).

### a. Greenfield

The Court concludes that it has personal jurisdiction over Defendant Greenfield. Plaintiff has alleged that Greenfield's principal place of business is in Salinas, California. Compl. ¶ 3. Thus, California is a state in which Greenfield "is fairly regarded as at home" and is therefore subject to general jurisdiction. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). Greenfield has "substantial" and "continuous and systematic" contacts with California as well as a "physical presence" in California that support the Court's exercise of general jurisdiction. *See Schwarzenegger*, 374 F.3d at 801 (general jurisdiction exists where a defendant has "continuous and systematic general business contacts . . . that approximate physical presence in the forum state" (citations omitted)).

Additionally, Plaintiff effected service of process upon Greenfield by serving the summons and complaint on Greenfield's sole proprietor and agent of service, Defendant Bartley, by substituted service in Salinas, California. *See* ECF No. 11 (affidavit of service on Greenfield through its agent James M. Bartley by substituted service of Bartley's wife, Jacqueline Bartley).

6
Case No. 16-CV-03718-LHK
ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

There is no indication in the record that this service was improper.

### b. James Bartley

The Court concludes that it has personal jurisdiction over Defendant Bartley. In the complaint, Plaintiff alleges that Defendant Bartley was at all times relevant to the complaint the sole proprietor of Greenfield, which had its principal place of business in Salinas, California. Compl. ¶ 3. Operating a sole proprietorship continuously in the state of California is sufficient to establish "continuous and systematic" contacts with California that can support an exercise of general jurisdiction. *Schwarzenegger*, 374 F.3d at 801; *see also Woodworkers Tool Works v. Byrne*, 202 F.2d 530, 531 (9th Cir. 1953) (upholding a finding of personal jurisdiction based on continuous and systematic contacts with California through a sole proprietorship).

Additionally, service on Defendant Bartley was proper. The affidavit of service shows that Plaintiff effected service of process on Defendant Bartley by substituted service on Defendant Bartley's wife in Salinas, California pursuant to Federal Rule of Civil Procedure 4(e)(2) and California Code of Civil Procedure § 415.20. There is no indication in the record that this service was improper.

## B. Whether Default Judgment is Proper

Having determined that the exercise of subject matter jurisdiction and personal jurisdiction over Defendants Greenfield and Bartley is appropriate, the Court now turns to the *Eitel* factors to determine whether entry of default judgment against Greenfield and Bartley is warranted. The Court begins with the second and third *Eitel* factors. As discussed below the Court finds that the second and third *Eitel* factors alone justify denying the motion for default judgment, and therefore the Court need not consider the remaining *Eitel* factors.

The second and third *Eitel* factors address the merits and sufficiency of Plaintiff's claims as pleaded in the Complaint. These two factors are often analyzed together. *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). In its analysis of the second and third *Eitel* factors, the Court will accept as true all well-pleaded allegations regarding liability. *See*

*Fair Hous. of Marin*, 285 F.3d at 906. The Court will therefore consider the merits of Plaintiff's claims and the sufficiency of the Complaint together.

Counts 2, 3, and 4 in the Complaint bring causes of action arising under PACA. Count 2 is a claim against both Defendants for enforcement of the PACA trust to require Defendants to turn over all assets in the PACA trust for the benefit of all unpaid trust beneficiaries. Compl. ¶¶ 14–22. Count 3 is a claim against both Defendants for failure under PACA to pay Plaintiff promptly. *Id.* ¶¶ 23–25. Count 4 is a claim against both Defendants for breach of fiduciary duty with regard to assets in the PACA trust. *Id.* ¶¶ 26–34.

PACA protects sellers of perishable agricultural goods by requiring a merchant, dealer, or retailer of perishable produce to hold in trust proceeds from the sale of the perishable produce, and food derived from that produce, for the benefit of all unpaid suppliers. 7 U.S.C. § 499e(c)(2); *Royal Foods Co. v. RJR Holdings, Inc.*, 252 F.3d 1102, 1104-05 (9th Cir. 2001). Under PACA, "a produce dealer holds produce-related assets as a fiduciary" in the statutory trust "until full payment is made to the produce seller." *In re San Joaquin Food Serv., Inc.*, 958 F.2d 938, 939 (9th Cir. 1992). "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." *Id.*; *see also* 7 U.S.C. § 499e(c)(2).

There are five elements to a PACA cause of action:

> (1) the commodities sold were perishable agricultural commodities, (2) the purchaser was a commission merchant, dealer, or broker, (3) the transaction occurred in contemplation of interstate or foreign commerce, (4) the seller has not received full payment on the transaction, and (5) the seller preserved its trust rights by including statutory language referencing the trust on its invoices.

*Beachside Produce, LLC v. Flemming Enters., LLC*, 2007 WL 1655554, at *2 (N.D. Cal. June 6, 2007) (citing 7 U.S.C. § 499e(c)(3), (4); 7 C.F.R. § 46.46(c), (f)). As discussed below, Plaintiff's complaint sufficiently alleges facts to satisfy the first four elements of a PACA cause of action, but Plaintiff's complaint alleges no facts to satisfy the fifth element.

Plaintiff satisfies the first element because Plaintiff alleges that it sold perishable agricultural commodities to Defendants. Compl. ¶¶ 9, 17.

For the second element, PACA defines a "dealer" as "any person engaged in the business of buying or selling in wholesale or jobbing quantities . . . any perishable agricultural commodity in interstate or foreign commerce." 7 U.S.C. § 499a(b)(6). Furthermore, "individuals associated with corporate defendants may be liable under a PACA trust theory." *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282 (9th Cir. 1997). "[I]ndividual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets . . . may be held personally liable under the Act." *Id.* at 283. "If deemed a PACA 'dealer,' an individual is liable for his own acts, omissions, or failures while acting for or employed by any other dealer." *Id.* (citing 7 U.S.C. § 499e(a)).

Plaintiff satisfies the second element as to both Defendant Greenfield and Defendant Bartley. Plaintiff alleges that both Defendant Greenfield and Defendant Bartley were dealers under PACA because "[a]t all times relevant herein, Defendants were engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or retailer in wholesale and jobbing quantities." Compl. ¶ 8. Specifically, Plaintiff alleges that Defendants purchased produce from Plaintiff. Compl. ¶ 9. Plaintiff also alleges that Bartley was responsible for the daily management and control of Greenfield, and that Bartley was the "sole proprietor and manager of defendant Greenfield." *Id.* ¶¶ 6, 27. This is sufficient to establish that Bartley exercised control over Greenfield and its assets such that Bartley may be held personally liable for the PACA violations. *See Sunkist Growers*, 104 F.3d at 283 ("[I]ndividual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets . . . may be held personally liable under the Act.").

For the third element, courts have held that this element is satisfied where "the commodities involved are the type typically sold in interstate commerce" and where the seller involved is "the type that Congress intended to protect by implementing PACA." *Greenfield*

*Fresh, Inc. v. Berti Produce-Oakland, Inc.*, 2014 WL 5700695, at *3 (N.D. Cal. Nov. 3, 2014) (quoting *Oregon Potato Co. v. Seven Stars Fruit Co., LLC*, 2013 WL 230984, at *5 (W.D. Wash. Jan. 22, 2013)). Plaintiff alleges that it sells its produce "in or in contemplation of interstate commerce." Compl. ¶ 17. This is sufficient to satisfy the third element. *See Tom Ver LLC v. Organic All., Inc.*, 2015 WL 6957483, at *9 (N.D. Cal. Nov. 11, 2015) (holding that an allegation that plaintiff sold produce in interstate commerce was sufficient to satisfy the interstate commerce element of a PACA claim).

Plaintiff alleges that despite repeated demands, Plaintiff has not received prompt and full payment from Defendants for the produce sold to Defendants. Compl. ¶¶ 11. This satisfies the fourth element of a PACA cause of action.

Thus, Plaintiff satisfies the first four elements of a PACA claim. However, Plaintiff's complaint contains no allegations regarding the fifth element of a PACA claim. Specifically, the complaint does not allege that Plaintiff "preserved its trust rights by including statutory language referencing the trust on its invoices." *Beachside Produce*, 2007 WL 1655554, at *2; *see also* 7 U.S.C. § 499e(c)(3)-(4). Indeed, the complaint contains no allegations regarding the contents of the invoices. In support of the instant motion for default judgment, Plaintiff has included the invoices as exhibits, and the invoices appear to contain the required language. *See* Ex. A to Declaration of Soledad Ruiz, ECF No. 29-1. However, on a motion for default judgment, pleading requirements are "enforced strictly," even when evidence outside the pleadings makes clear that a Plaintiff can state a claim. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988); *see also George Chiala Farms, Inc. v. U.S. AG Sols., LLC*, 2012 WL 1600445, at *3 (N.D. Cal. May 7, 2012) (denying motion for default judgment because the plaintiff's complaint did not allege that invoices contained language preserving PACA rights, despite the fact that attachments to the motion for default judgment demonstrated that the invoices did contain such language). Therefore, Plaintiff's allegations are insufficient to state a claim under PACA. However, the Court grants Plaintiff leave to amend the complaint to address this issue because amendment would not

10
Case No. 16-CV-03718-LHK
ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

be futile.

Plaintiff's complaint also alleges a cause of action for breach of contract. However, the motion for default judgment did not address this claim. Nevertheless, Plaintiff may address the breach of contract claim in a renewed motion for default judgment after amending the complaint.

Therefore, the second *Eitel* factor alone demonstrates that default judgment is improper, and the Court need not consider the remaining *Eitel* factors. The Court therefore DENIES Plaintiff's motion for default judgment without prejudice. In doing so, the Court also notes that Plaintiff's complaint fails to allege that attorney's fees, costs, or pre-judgment interest were mentioned on the invoices or otherwise became part of the contract between Plaintiff and Defendants. *See Middle Mountain Land & Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1224-25 (9th Cir. 2002) (holding that attorney's fees and costs are recoverable in a PACA action only if the contract provides for such recovery). Additionally, Plaintiff's motion for default judgment has not provided any authority supporting Plaintiff's request for post-judgment interest. Plaintiff may address these deficiencies in the complaint through amendment, and if Defendants subsequently remain in default, Plaintiff may again seek entry of default and file a renewed motion for default judgment. However, the Court will not grant attorney's fees for work on motions and pleadings that the Court has found deficient.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for default judgment against Defendant Greenfield and Defendant Bartley without prejudice. The Court also VACATES the default previously entered against Defendants. ECF Nos. 20. 32. If Plaintiff chooses to file an amended complaint addressing the deficiencies identified in this Order, Plaintiff shall do so within 21 days of this Order. If Defendants again default, Plaintiff may then file a renewed motion for entry of default, followed by a renewed motion for default judgment.

**IT IS SO ORDERED.**

Dated: January 27, 2017

_____
LUCY H. KOH
United States District Judge

12
Case No. 16-CV-03718-LHK
ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE